**CORRECTION OFFICERS BENEVOLENT ASSOCIATION OF ROCKLAND COUNTY, et al., Plaintiffs,**

v.

**James F. KRALIK, et. al., Defendants.**

**No. 04 CIV.2199(SCR).**

United States District Court, S.D. New York.

Jan. 10, 2005.

Joey Jackson, Manhattan District Attorney's Office, Koehler & Isaacs, LLP, New York City, for Plaintiffs.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

#### A. Procedural Posture

The Correction Officers Benevolent Association ("COBA") and several of its individual members (collectively, the "Plaintiffs") filed this action against James F. Kralik, the Sheriff of Rockland County, NY, the Rockland County Office of the Sheriff and the County of Rockland (collectively, the "Defendants") alleging gender-based discrimination in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution.

Thereafter, the Defendants filed a motion pursuant to FED. R. CIV. P. 12(f) to strike certain allegations and exhibits from Plaintiffs' complaint on the grounds that they are impertinent, immaterial and scandalous.

#### B. Factual History

In November 2002, the Defendants established a policy requiring that correction officers assigned to certain posts requiring constant supervision of inmates, such as Suicide Watch and Precautionary Watch, be of the same gender as the inmate they are observing.[1] Plaintiffs' complaint in this action alleges that Defendants' practice of awarding job assignments and assigning overtime opportunities to correction officers based on their gender, rather than their seniority, violates the Fourteenth Amendment.

This motion does not address the legal merit of the allegations in Plaintiffs' complaint, however. Rather, Defendants claim that portions of the complaint, including certain exhibits, should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Specifically, Defendants object to the following: 1) Exhibit D, which contains letters from individual Plaintiffs revealing, according to the complaint, the "dire conse-

---

1. This court recently addressed similar issues in *Westchester County Corrections, et. al. v. County of Westchester*, 2004 U.S. Dist. LEXIS 24205 (S.D.N.Y.2004). Specifically, the court held that gender was not a bona fide occupational qualification for housing posts in all-female prison units, but noted, in conclusion, that its decision made no judgments about regulations requiring that there be a certain number of women assigned to units housing female inmates, or that male officers be banned from discrete tasks, such as body searches, urine collection, monitoring showers, etc.

quences" of the Defendants' policy to the Plaintiffs and their families; 2) Paragraphs 22–24 of the complaint, which refer to a 1992 settlement of a prior lawsuit involving similar parties and issues; 3) Exhibit E, the stipulation of settlement in that case; 4) Exhibit F, an order issued by Defendants pursuant to the settlement.[2]

## II. Analysis

■ The court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). *Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute. See Kounitz v. Slaatten,* 901 F.Supp. 650, 658 (S.D.N.Y.1995). Although parties may attach written instruments as exhibits to their pleading, *see* FED. R. CIV. P. 10(c), written instruments are, generally speaking, documents evidencing legal rights or duties such as deeds, wills, bonds, leases, insurance policies or security agreements. *See Murphy v. Cadillac Rubber & Plastics,* 946 F.Supp. 1108, 1115 (W.D.N.Y.1996).

■ The court finds that the allegations and exhibits at issue here are clearly irrelevant to the case at hand. Prior settlement agreements, no matter how similar the litigation, are irrelevant to this case or the facts giving rise thereto. The letters by the individual Plaintiffs in Exhibit D contain references to past events and litigation equally unrelated to the matter at hand. And, as letters, they are not written instruments for the purpose of Rule 10(c).[3] Therefore, the allegations and exhibits at issue in this motion should be stricken from the complaint.

## III. Conclusion

For the foregoing reasons, Defendant's motion to strike is GRANTED. Plaintiffs are directed to file an amended complaint by January 28, 2005 excluding those portions of the complaint to which Defendants have objected.

It is so ordered.

---

**2.** Defendants also objected to certain documents contained in Exhibit B, which contains legal bills and other documentation relating to a prior litigation. Plaintiffs have agreed that these are irrelevant and have agreed to remove them from the complaint.

**3.** To the extent that these letters contain information relevant to damages allegedly suffered by the individual Plaintiffs as a result of Defendants' conduct in this case, Plaintiffs will have ample opportunity to offer such evidence if and when they establish liability in this litigation.